UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICO FERRO and ANGELINA S. FERRO,

                Plaintiffs,

- against -

SHUTTLE AMERICA CORPORATION,
doing business as UNITED EXPRESS, and
REPUBLIC AIRWAYS HOLDINGS, INC.,

                Defendants.
------------------------------------------------------------x

JUDGE MARRERO

Civil No. 07 CIV 4853

**COMPLAINT**

Plaintiffs Demand
a Trial By Jury



RECEIVED JUN 07 2007 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiffs, Rico Ferro and Angelina S. Ferro, by their attorneys, Kreindler & Kreindler LLP, respectfully allege:

### GENERAL ALLEGATIONS

      1.    This action seeks damages for injuries suffered by plaintiffs in the crash landing of United Express Flight 7564 at Washington Dulles International Airport in Dulles, Virginia on June 8, 2005.

      2.    Jurisdiction over this claim exists pursuant to 28 U.S.C. § 1332 in that plaintiffs Rico Ferro and Angelina S. Ferro were and are citizens and residents of the State of New York, defendant Shuttle America Corporation, doing business as United Express ("Shuttle America") was and is incorporated under the laws of the State of Indiana with its principal place of business in the State of Indiana, defendant Republic Airways Holdings, Inc. ("Republic Holdings") was and is incorporated under the laws of the State of Indiana with its principal place of business in the State of Indiana, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. At all times herein mentioned, defendants Shuttle America and Republic Holdings were and are commercial air carriers engaged in the business of transporting passengers for hire by and through their agents, servants and employees.

4. At all times herein mentioned, defendants Shuttle America and Republic Holdings owned, operated, maintained and controlled a certain Saab 340A aircraft, FAA registration no. N40SZ (the "subject aircraft"), which they operated as United Express Flight 7564 on June 8, 2005 from Westchester County Airport in White Plains, New York to Washington Dulles International Airport in Dulles, Virginia (the "subject flight").

5. Defendant Shuttle America is a wholly-owned subsidiary of defendant Republic Holdings.

6. Defendant Republic Holdings, as the parent corporation of its wholly-owned subsidiary, defendant Shuttle America, is liable for the negligent and reckless acts of defendant Shuttle America.

7. Plaintiffs Rico Ferro and Angelina S. Ferro were fare-paying passengers on board the subject flight pursuant to tickets that provided for travel from White Plains, New York to Dulles, Virginia.

8. After takeoff from New York's Westchester County Airport, but prior to reaching Virginia's Washington Dulles International Airport, the pilots of the subject aircraft attempted to extend the landing gear in preparation for landing and observed an unsafe landing gear light in the cockpit indicating that the right main landing gear was not extended and locked.

9. Because of the aforementioned unsafe landing gear indicator, the pilots of the subject aircraft aborted their approach to Washington Dulles International Airport and performed an emergency gear extension procedure, which was unsuccessful.

10. Shortly thereafter, the pilots of the subject aircraft performed a low pass over the airfield at Washington Dulles International Airport so that tower personnel could observe the landing gear, but the tower personnel could not confirm that it was locked in the fully extended position.

11. The pilots of the subject aircraft subsequently performed an emergency landing at Washington Dulles International Airport. During the landing, the right main landing gear of the subject aircraft collapsed, causing the subject aircraft to go off the side of the runway.

12. After the subject aircraft came to a stop, the pilots of the subject aircraft ordered an emergency evacuation of the airplane.

13. During the crash landing and subsequent emergency evacuation, while they were following the orders and instructions of the pilots and cabin crew of the subject aircraft, plaintiffs Rico Ferro and Angelina S. Ferro suffered physical injuries and were rendered sick, sore, lame and so remain; were severely, seriously, permanently and were otherwise injured; suffered, still suffer and, upon information and belief, will continue to suffer substantial, permanent pain and disability; were required to receive medical care and attention in an endeavor to cure and alleviate said injuries and, upon information and belief, will be required to obtain additional care; and plaintiffs are and will be deprived of life's joys and pleasures from injuries they have suffered and from which they will continue to suffer.

14. Personal jurisdiction over defendants Shuttle America and Republic Holdings is proper in this District because defendants are qualified to do business in the State of New York, operate their aircraft from Westchester County Airport in this District, and have been doing continuous and systematic business in the State of New York and within this District.

15. Venue is proper in this District under 28 U.S.C. § 1391(a) and (c).

### FIRST CLAIM FOR COMPENSATORY DAMAGES AGAINST DEFENDANTS BASED ON NEGLIGENCE

16. Plaintiffs assert each and every allegation of paragraphs 1 through 15 above, with the same force and effect as if each were fully set forth herein.

17. Plaintiffs injuries were caused by the negligence of defendants Shuttle America and Republic Holdings, by and through their officers, agents, employees and servants, in that defendants Shuttle America and Republic Holdings negligently operated the subject aircraft by taking off with an improperly functioning landing gear system; violated mandatory safety regulations and procedures by taking off with an improperly functioning landing gear system; inadequately inspected and/or failed to inspect the landing gear of the subject aircraft prior to departure from the gate at Westchester County Airport; inadequately serviced and/or failed to service the landing gear of the subject aircraft prior to departure from the gate at Westchester County Airport; inadequately maintained and/or failed to maintain the landing gear of the subject aircraft prior to departure from Westchester County Airport; inadequately overhauled and/or failed to overhaul the landing gear of the subject aircraft prior to departure from Westchester County Airport; negligently performed the emergency landing at Washington Dulles

International Airport; negligently ordered and conducted the emergency evacuation of the subject aircraft; and were otherwise negligent.

18.     As a direct and proximate result of the negligence of defendants Shuttle America and Republic Holdings, as aforesaid, plaintiffs were rendered sick, sore, lame and disabled and so remain; were severely, seriously, permanently and was otherwise injured; suffered, still suffer and, upon information and belief, will continue to suffer substantial, permanent pain and disability; were required to receive medical care and attention in an endeavor to cure and alleviate said injuries and, upon information and belief, will be required to obtain additional care; and plaintiffs are and will be deprived of life's joys and pleasures from injuries they have suffered and from which they will continue to suffer.

19.     As a result of the foregoing, defendants Shuttle America and Republic Holdings are liable to pay plaintiffs full, fair and reasonable compensation for the damages they sustained, including their serious and permanent physical and emotional injuries; the substantial sums they have expended and will continue to expend for medical care and treatment; and the severe pain, suffering, physical limitations and other compensable injuries they have sustained and will continue to sustain.

**WHEREFORE**, plaintiffs demand judgment against defendants Shuttle America and Republic Holdings for fair and reasonable compensatory damages, together with interest, costs and disbursements and for such other and further relief as this Court finds just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: New York, NY
June 7, 2007

                                                    KREINDLER & KREINDLER LLP

By: _____
Robert J. Spragg (RS3804)
Megan Benett (MB6014)
100 Park Avenue
New York, New York 10017
(212) 687-8181
*Attorneys for Plaintiffs*