Robert J. Spragg, Esq.
Megan Benett, Esq.
Kreindler & Kreindler LLP
100 Park Avenue, 18th Floor
New York, NY 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432
E-mail: rspragg@kreindler.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICO FERRO and ANGELINA S. FERRO,         Case No. 07 CIV 4853 (VM)

                        Plaintiffs,

    v.

SHUTTLE AMERICA CORPORATION, doing
business as UNITED EXPRESS, and REPUBLIC
AIRWAYS HOLDINGS, INC.,

                        Defendants.
------------------------------------------------------------x

### WAIVER OF SERVICE OF SUMMONS

To:    Robert J. Spragg, Esq.
        Kreindler & Kreindler LLP
        100 Park Avenue, 18th Fl.
        New York, New York   10017

Shuttle America Corporation acknowledges receipt of your request that it waive service of a summons in the action of <u>Rico Ferro and Angelina S. Ferro v. Shuttle America Corporation, doing business as United Express, and Republic Airways Holdings, Inc.</u>, which is case number 07 CIV 4853 (VM) in the United States District Court for the Southern District of New York. Shuttle America Corporation has also received a copy of the complaint in the action, two copies

of this instrument, and a means by which it can return the signed waiver to you without cost to itself.

Shuttle America Corporation agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by Rule 4.[1]

Shuttle America Corporation will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

Shuttle America Corporation understands that a judgment may be entered against it if an answer or motion under Rule 12 is not served upon you within 60 days after June 14, 2007, the date the request was sent.

Dated: 6/18/07

_____
(Signature)

KEVIN W. MURPHY
Printed/Typed Name:
As LEGAL COUNSEL FOR Shuttle America Corporation
(Title)

---

[1] Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must be within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.