UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

RICO FERRO and ANGELINA S. FERRO,          Civil No. 07 CIV 4853

        Plaintiffs,

  - against –                                                              **ANSWER**

SHUTTLE AMERICA CORPORATION,
d/b/a UNITED EXPRESS, and
REPUBLIC AIRWAYS HOLDINGS INC.,

        Defendants.

------------------------------------------------------ x

### DEFENDANTS SHUTTLE AMERICA CORPORATION AND REPUBLIC AIRWAYS HOLDINGS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendants SHUTTLE AMERICA CORPORATION and REPUBLIC AIRWAYS HOLDINGS INC. (collectively "Shuttle America"), by and through their attorneys, LAW OFFICES OF PAUL A. LANGE and ADLER MURPHY & MCQUILLEN LLP, hereby answer Plaintiffs' Complaint dated June 7, 2007.

### GENERAL ALLEGATIONS

1.    Shuttle America denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 1 of Plaintiffs' Complaint, except admits that on June 8, 2005, it operated United Express flight 7564 from White Plains, New York, to Washington Dulles International Airport, in Dulles, Virginia.

2.    Shuttle America denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 2 of Plaintiffs' Complaint

except admits that Shuttle America Corporation and Republic Airways Holdings Inc. are incorporated in Indiana and have their principal places of business in Indiana. To the extent that the remaining allegations in paragraph 2 contain conclusions of law, no response is required. To the extent that it is determined a response is required of Shuttle America, the allegations are denied and Shuttle America demands strict proof thereof.

3. Shuttle America denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 3 of Plaintiffs' Complaint, except admits that Shuttle America Corporation is a commercial air carrier engaged in the business of transporting passengers.

4. Shuttle America denies all allegations set forth in paragraph 4 of Plaintiffs' Complaint except admits that on June 8, 2005, it operated flight 7564, a Saab 340A aircraft, FAA registration no. N40SZ, from White Plains, New York, to Washington Dulles International Airport, in Dulles, Virginia.

5. Shuttle America admits the allegations set forth in paragraph 5 of the Plaintiffs' Complaint.

6. Paragraph 6 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies all allegations in paragraph 6 of Plaintiffs' Complaint except admits that Shuttle America Corporation is a wholly owned subsidiary of Republic Airways Holdings Inc.

7. Shuttle America denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 7 of Plaintiffs' Complaint.

8. Shuttle America denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 8 of Plaintiffs' Complaint.

9. Shuttle America denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 9 of Plaintiffs' Complaint.

10. Shuttle America denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 10 of Plaintiffs' Complaint.

11. Shuttle America denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 11 of Plaintiffs' Complaint.

12. Shuttle America denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 12 of Plaintiffs' Complaint.

13. Shuttle America denies all allegations set forth in paragraph 13 of Plaintiffs' Complaint.

14. The allegations in paragraph 14 contain conclusions of law to which no response is required. To the extent that it is determined that a response is required of Shuttle America, the allegations are denied.

15. The allegations in paragraph 15 contain conclusions of law to which no response is required. To the extent that it is determined that a response is required of Shuttle America, the allegations are denied.

### AS FOR FIRST CLAIM FOR COMPENSATORY DAMAGES AGAINST DEFENDANTS BASED ON NEGLIGENCE

16. Shuttle America incorporates herein by reference its responses to paragraphs 1 through 15 as though set forth at length herein.

17. Shuttle America denies all allegations set forth in paragraph 17 of Plaintiffs' Complaint.

18. Shuttle America denies all allegations set forth in paragraph 18 of Plaintiffs' Complaint.

19. Shuttle America denies all allegations set forth in paragraph 19 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, defendant Shuttle America raises and preserves the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The subject occurrence and any resulting damages were caused either wholly or in part by and through the acts or omissions of one or more third parties for whom or which Shuttle America is not responsible and over which or whom Shuttle America has no control, and any damages ultimately deemed recoverable by the plaintiffs against Shuttle America should be barred or reduced accordingly.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail, in whole or in part, to state a cause of action upon which relief can be granted under the law of the jurisdiction applicable to the case.

## THIRD AFFIRMATIVE DEFENSE

The acts or omissions of a third party for which Shuttle America is not responsible and over which Shuttle America has no control are the sole proximate cause of the events described in Plaintiffs' Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Without admitting any liability on the part of Shuttle America, other persons, parties or entities which may as yet be known or unknown, or which may be discovered,

was or were contributorily negligent, comparatively at fault, or otherwise legally responsible in whole or in part, for any damages which plaintiffs may prove in this matter. Therefore, any and all recovery against Shuttle America must be extinguished or diminished by an amount proportional to such other's or others' degree(s) of negligence, fault, or other legal responsibility, as required by the applicable states law of indemnity, contribution and apportionment statutes and other applicable law.

## FIFTH AFFIRMATIVE DEFENSE

Without admitting any liability on the part of Shuttle America, Plaintiffs were contributorily negligent, comparatively at fault, or otherwise legally responsible in whole or in part, for any damages, which they may prove in this matter. Therefore, any and all recovery against Shuttle America must be extinguished or diminished by an amount proportional to Plaintiffs' degree of negligence, fault, or other legal responsibility, as required by the applicable states law of indemnity, contribution and apportionment statutes and other applicable law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages as required by applicable law. Plaintiffs therefore cannot recover for losses due to their failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by Plaintiffs were proximately caused by unforeseeable intervening and superseding causes for which Shuttle America is not responsible or liable.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed because plaintiffs have failed to join one or more indispensable parties, necessary for the proper adjudication of this matter.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by Federal law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than New York.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint and all claims for relief therein should be dismissed on the ground of forum non conveniens.

### THIRTEENTH AFFIRMATIVE DEFENSE

All claims asserted in the Complaint are barred by the applicable statute(s) of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Shuttle America are barred because plaintiffs' assumed the risks of which plaintiffs complain.

### FIFTEENTH AFFIRMATIVE DEFENSE

Venue is improper pursuant to U.S.C. § 1391.

### RESERVATION OF FURTHER DEFENSES

Defendant Shuttle America reserves the right to supplement and amend its defenses in this action, including its affirmative defenses, as necessary in light of the facts, allegations, claims and changes or modifications in the law.

WHEREFORE, defendants Shuttle America Corporation and Republic Airways Holdings Inc., pray that Plaintiffs take nothing by way of their Complaint and that this Court enter judgment in favor of Shuttle America Corporation and Republic Airways Holdings Inc. and against Plaintiffs on their Complaint; and Shuttle America Corporation and Republic Airways Holdings Inc. further pray that Plaintiffs be required to reimburse Shuttle America Corporation and Republic Airways Holdings Inc. for its costs in defending this action. Shuttle America Corporation and Republic Airways Holdings Inc. pray for relief together with any further relief this Court deems just and equitable.

## JURY DEMAND

Without waiving its objections set forth herein, Shuttle America Corporation and Republic Airways Holdings Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of August, 2007.

SHUTTLE AMERICA CORPORATION and
REPUBLIC AIRWAYS HOLDINGS INC.

BY: _____
Paul A. Lange  NY  PL 2078
Ania M. Wroblewska NY AW 1904
Law Offices of Paul A. Lange, LLC
445 Park Avenue, 9th Floor
New York, NY 10022-8632
(212) 385-1215
(212) 608-1215 (fax)

-and-

Michael G. McQuillen
Kevin W. Murphy
Kerry A. Bute
ADLER MURPHY & McQUILLEN LLP
One North LaSalle Street, Suite 2300
Chicago, IL 60602
(312) 345-0700

## DECLARATION OF SERVICE

Paul A. Lange, an attorney duly admitted to practice before the Courts of the state of New York as well as before the Southern District of the U.S. District Court of New York, states the following under penalty of perjury:

1. I am Principle at the Law Offices of Paul A. Lange, LLC, counsel to Defendant SHUTTLE AMERICA CORPORATION, d/b/a UNITED EXPRESS, and REPUBLIC AIRWAYS HOLDINGS INC., in this action;

2. That on this 17th day of August, 2007, I served the enclosed Answer by mailing a true copy thereof via First Class U.S. Mail to:

    Robert J. Spragg, Esq.
    Megan Benett, Esq.
    Kreindler & Kreindler, LLP
    100 Park Avenue
    New York, NY 10017

3. I declare under the penalty of perjury that the foregoing is true and correct

                                                            _____
                                                            Paul A. Lange