UNITED STATES DISTRICT COURT
FOR THE SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| RICO FERRO and ANGELINA S. FERRO, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV 4853 (SCR) |
| SHUTTLE AMERICA CORPORATION, doing business as UNITED EXPRESS, and REPUBLIC AIRWAYS HOLDINGS, INC., | ) *07cv4853* ) ) ) |
| Defendants. | ) |

## STIPULATION AND ORDER REGARDING CONFIDENTIALITY

1. All written materials produced or disclosed by plaintiffs Rico Ferro and Angelina S. Ferro and by defendants Shuttle America Corporation and Republic Airways Holdings, Inc. ("the parties") in this litigation (including, but not limited to, documents, interrogatories, responses to requests for admissions, and deposition testimony) which the producing or disclosing party believes to contain confidential material shall be designated as confidential by affixing a label to the first page of the document with the following legend "CONFIDENTIAL subject to PROTECTIVE ORDER" or by informing the attorneys for the other parties by letter that the documents are "Confidential," and shall be revealed only as provided herein. By entering this Stipulation and Order Regarding Confidentiality, the Court does not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute amongst the parties as to the confidentiality of any specific material shall be resolved pursuant to paragraph 3 of this Stipulation and Order Regarding Confidentiality.

2. For the purposes of this Stipulation and Order Regarding Confidentiality, the term

- 1 -

USDC SDNY
DOCUMENT
ELECTRONICALLY F[ILED]
DOC #: _____
DATE FI[LED]

"this litigation" shall include the above-captioned case and any claim for damage or other relief, however denominated, brought in any court, without limitation, involving or in any way relating to the landing at Dulles International Airport in Dulles, Virginia described by Angelina Ferro and Rico Ferro ("Ferros") in their Complaint titled *Rico Ferro and Angelina S. Ferro v. Shuttle America Corporation, doing business as United Express, and Republic Airways Holdings, Inc.* (United States District Court for the Southern District of New York, Case No. CIV 4853 (SCR)).

3.  If any party believes that any material produced does not contain confidential information, they may, at any time, contest the applicability of this Stipulation and Order Regarding Confidentiality to such material by notifying the attorneys for the designating party and identifying the material contested. Upon such notification, the designating party shall have thirty (30) days in which to make a specific Motion for Protective Order with respect to such material. As to any contested material for which such a motion is not made or the requested relief is not granted, such material shall be deemed outside the scope of this Stipulation and Order Regarding Confidentiality. The designating party shall have the burden of establishing the confidential nature of documents produced or created, but all parties agree to be bound by this order pending resolution of the document status, if such document status is challenged.

4.  The parties' attorneys may distribute protected materials or share information obtained from protected materials with the following categories of persons, and no other, except by further order of the Court:

    a.  parties in this litigation;

    b.  members of the legal or support staff of the parties' attorney's offices; and

    c.  consultants or experts retained by the parties' attorneys to assist them in the evaluation, preparation or testimony in this litigation.

    d.  The Court and Court personnel, including stenographic reporters engaged in

any Court or judicial proceedings as are necessarily incident to the preparation or trial of this litigation.

    e.    Such other persons as the parties to this litigation shall agree to in writing or the Court shall determine.

5.    The parties' attorneys shall not, under any circumstances, exhibit, provide copies of or otherwise disclose the content of any protected materials to any person, except as listed above.

6.    Nothing in this Stipulation and Order Regarding Confidentiality shall prevent a party from using information or documents produced by any other party pursuant to this Stipulation and Order Regarding Confidentiality during mediation, arbitration, deposition, trial or any other proceeding in this litigation. All materials filed, lodged or entered into evidence with the court which contain or make reference to designated confidential information, and any pleading or memorandum purporting to reproduce, attach or paraphrase such confidential information, shall be filed with the court and served in sealed envelopes or other appropriate containers on which shall be endorsed the caption of this case, the label CONFIDENTIAL INFORMATION, and a statement substantially in the following form:

> This container contains documents and information designated as Confidential, and shall not be opened, nor the contents thereof displayed or revealed, except in a manner as provided by the Stipulation and Order Governing Confidentiality of Information entered by this court.

7.    The parties' attorneys shall not make any disclosure of protected materials pursuant to paragraph 4 of this Stipulation and Order Regarding Confidentiality to any person without first having obtained from each proposed recipient a signed "Nondisclosure Agreement" in the form attached as Exhibit "A."

8.    Should a party wish to file, make reference to, append or produce confidential or

proprietary information in any court other than the Court presiding over this litigation, or produce or disclose proprietary or confidential information to any party in any litigation other than in this litigation, the party must agree to submit a proposed protective order in that other litigation identical in its terms to this Stipulation and Order Regarding Confidentiality. Confidential or proprietary information may only be used if that other court in fact enters such an order.

9. In the event that any person (a) is served with a request for production of documents or interrogatories in this action ("discovery requests"), (b) is served with a subpoena in another action, or (c) is served with a demand in another action to which he or she is a party, or (d) is served with any other legal process by one not a party to this litigation, seeking proprietary or confidential information, that person shall give prompt written notice of such event to counsel of record for the designating party and shall object to its production. Upon receipt of written notice, the designating party shall advise the person who is to respond to the discovery requests, subpoena or demand of the designating party's position. Thereafter, the designating party shall assume responsibility for preserving and prosecuting any objection to the discovery requests, subpoena or demand. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.

Should the person seeking access to the confidential or proprietary information take action to enforce such discovery requests, subpoena, demand, or other legal process, the person so served shall set forth in his response the existence of the Stipulation and Order Regarding Confidentiality. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of proprietary or confidential information, or to subject himself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

10. Inadvertent production by any party of a document containing attorney-client communications, attorney work product, other privileged information, confidential information,

- 4 -

shall not constitute a waiver of privilege. Any such document and any copies made of it shall be returned to the producing party immediately upon its request.

11. The terms of this Stipulation and Order Regarding Confidentiality shall apply automatically to actions arising from this litigation which are later filed in, removed to, transferred to this court or consolidated with this action.

12. The parties' attorneys shall provide the attorneys for the designating party with a copy of each signed Nondisclosure Agreement (Exhibit A) within 30 days after final conclusion of all aspects of this litigation. Further, within said time, the parties' attorneys shall also provide the designating party with an affidavit from each recipient of protected materials confirming that the recipient has not disseminated protected materials to anyone, that he has returned all protected materials to the party's attorney's office, and that he has not retained any copies of any protected materials.

13. The provisions of this order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, confidential documents and all copies of same (other than exhibits of record) shall be returned to the designating party's attorneys or, at the option of the designating party's attorneys, destroyed. Counsel for the parties shall furnish an affidavit certifying compliance herewith and shall deliver the same to counsel for the designating party not more than 120 days after final termination of this litigation.

This Stipulation and Order Regarding Confidentiality may be modified by the Court *sua sponte* or upon motion or application to the Court by any of the parties.

Stipulation and Order Regarding Confidentiality executed this 6th day of February 2008.

_____
Counsel for Shuttle America Corporation
and Republic Airways Holdings, Inc.

- 6 -

 

Michael G. McQuillen
Kevin W. Murphy
Kerry A. Bute
ADLER MURPHY & McQUILLEN LLP
One North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: 312-345-0700

-and-

Paul A. Lange PL 2078
Alison L. McKay AM5337
445 Park Avenue, 9th Floor
New York, NY 10022-8632
Telephone: 212-385-1215
alm@lopal.com
pal@lopal.com

_____
Counsel for Plaintiffs
Robert J. Spragg
Megan Benett
KREINDLER & KREINDLER LLP
100 Park Avenue
New York, New York 10017
Telephone: 212-687-8181

Prepared by:

Michael G. McQuillen
Kevin W. Murphy
Kerry A. Bute
ADLER MURPHY & McQUILLEN LLP
One North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: 312-345-0700

SO ORDERED
_____
STEPHEN C. ROBINSON
UNITED STATES DISTRICT JUDGE
3/10/08